# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      **Plaintiff,**

      **vs.**                             **No. 19-MJ-4160 JHR**

OMAR ALEJANDRO GOMEZ,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's *Ex Parte* Motion for Rule 17(c) Subpoena, filed December 2, 2019. (Doc. 13.) The Court, having considered the Motion and the relevant law, and being otherwise fully informed, finds that the Motion is well-taken in part and will be **GRANTED** in part.

## BACKGROUND

Defendant was a passenger on the eastbound Southwest Chief train operated by the National Railroad Passenger Corporation (d/b/a Amtrak) ("Amtrak") traveling through Albuquerque on November 18, 2019. (Doc. 1 at 2.) During a scheduled stop in Albuquerque, Defendant was approached by Drug Enforcement Administration Special Agent Jarrell Perry, who questioned Defendant then searched his backpack. (Id.) As a result of Special Agent Perry's search, Defendant was charged with possession of 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A). (Doc. 1.) Defendant seeks the issuance of a subpoena *duces tecum* pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for certain materials, including surveillance video, in Amtrak's

possession that Defendant argues are necessary to assist him in his defense against the allegations he faces. (Doc. 13 at 1-2, 4.)

## DISCUSSION

**I.**     **Legal Standard**

    **A.**     **Federal Rule of Criminal Procedure 17**

Federal Rule of Criminal Procedure ("Rule") 17 governs the issuance of subpoenas in criminal proceedings. Rule 17(a) describes the process for obtaining subpoenas returnable at trial by those who are able to pay for them. Under Rule 17(a), any party who is able to pay the fees and mileage of a subpoenaed witness may cause a subpoena to be issued by the clerk of the court as a matter of course, and without judicial intervention. Specifically, a party obtains from the clerk a blank subpoena, signed and sealed, and then fills in the time and place at which the witness must attend and testify. Fed. R. Crim. P. 17(a).

Rule 17(b) describes the procedure for defendants who are unable to pay the required fees and provides that "[u]pon a defendant's *ex parte* application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). "The Government is not notified of the proceeding and therefore [the] defendant is not forced to disclose potential defense witnesses or their expected testimony." *United States v. Florack*, 838 F. Supp. 77, 78 (W.D.N.Y. 1993). "Although prior judicial authorization is required, the *ex parte* nature of the Rule 17(b) application [thus] serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995).

Rule 17(c) governs the issuance of subpoenas *duces tecum* and enables either party to obtain documents or other physical evidence. Specifically, Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). While Rule 17(c) provides no specific direction as to how to obtain a subpoena *duces tecum*, courts have interpreted the language of the rule to "indicate[] that an application for a subpoena *duces tecum* returnable at trial is governed by the provisions of Rule 17(a) and 17(b) dealing with the issuance of trial subpoenas." *Reyes*, 162 F.R.D. at 469.

Unlike a trial subpoena issued under Rule 17(a) or 17(b), however, Rule 17(c) provides that a subpoena *duces tecum* may be made returnable *before* trial or other evidentiary hearing. As noted above, the second sentence of the rule provides that the court "may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c); *see also United States v. Nixon*, 418 U.S. 683, 698-99 (1974) (explaining that Rule 17(c)'s "chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials" (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). Rule 17, however, provides no "guidance as to the proper procedure for obtaining a pretrial subpoena *duces tecum*." *Reyes,* 162 F.R.D. at 470.

**B.** *Ex Parte* **Applications for Pretrial Production**

In the absence of a clear directive in the text of Rule 17(c) as to the proper procedure for obtaining pretrial production pursuant to a subpoena *duces tecum*, courts have been "split as to whether a party may make an *ex parte* application for a pretrial subpoena *duces tecum*." *United States v. Sellers*, 275 F.R.D. 620, 624 (D. Nev. 2011). The Tenth Circuit has not yet ruled on the

issue, and in the absence of binding authority to the contrary, this Court is persuaded that indigent

defendants should be permitted to make an application for the pretrial production of documents *ex

parte*. *See, e.g.*, *United States v. Nelson,* No. CR 15-2023, 2015 WL 9943540, *3-4 (D.N.M. Dec.

4, 2015); *United States v. Hargrove*, No. 11-cr-326, 2013 WL 3465791, *4 (D. Colo. July 9, 2013);

*United States v. Vigil*, No. CR 10-2310, 2013 WL 3270995, *17-18 (D.N.M. June 3, 2013); *Sellers*,

275 F.R.D. at 625; *United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997); Reyes,

162 F.R.D. at 470-71. The court agrees that:

> [t]here are strong policy reasons in favor of an *ex parte* procedure. If a source of
> evidence were to be identified before the issuance of a subpoena, the source or the
> integrity of the evidence might be imperiled. In addition, a party may have to detail
> its trial strategy or witness list in order to convince a court that the subpoena
> satisfied the *Nixon* standards of specificity, relevance, and admissibility. If a full
> adversary hearing were required to obtain a subpoena *duces tecum*, a party would
> be forced to reveal this information to the opposing side, a result which would occur
> even if a court declined to issue the subpoena. In this vein, the Court is mindful
> that it is often defendants who seek a subpoena *duces tecum* on an *ex parte* basis in
> order to avoid disclosing their trial strategy to the Government.

162 F.R.D. at 470.

Although the Court finds that an *ex parte* application for a subpoena *duces tecum* ordering

pretrial production of evidence is permissible, "it does not follow that the defendant is entitled to

strategic advantage or tactical surprise." *Sellers*, 275 F.R.D. at 625. The plain language of Rule

17(c) authorizes the court to "direct the witness to produce the designated items *in court* before

trial or before they are to be offered in evidence," and once "the items arrive," to "permit the parties

and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c) (emphasis added).

Accordingly, while the Court will permit Defendant's Motion (Doc. 13) to remain *ex parte* and

under seal, it will not direct that the production of the requested material be made directly to

defense counsel. Rather, the requested evidence must be produced to the court. *Sellers*, 275 F.R.D.

at 625; *Vigil*, 2013 WL 3270995, at *21.

### C.    Standard for Pretrial Production

The Supreme Court has long established that "Rule 17(c) was not intended to provide an additional means of discovery." *Bowman Dairy*, 341 U.S. at 220. Accordingly, a party seeking issuance of a subpoena *duces tecum* under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepared for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Nixon*, 418 U.S. at 699-700). In order to meet this burden, the moving party "'must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity.'" *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon,* 418 U.S. at 700). It is insufficient that the requested evidence "may have some potential of relevance and evidentiary use." *Sellers,* 275 F.R.D. at 624. "The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a 'fishing expedition to see what may turn up.'" *Id.* (quoting *Bowman Dairy*, 341 U.S. at 221). As one court has stated, "[i]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991).

## II.    The Instant Case

The Court finds that Defendant, who is indigent, has properly made his Motion *ex parte*. To protect the mental impressions and trial strategy of defense counsel, the Motion will remain sealed. However, because this order does not reveal any mental impressions by counsel, the Court declines to keep this order under seal or *ex parte*.

The Court also finds that Defendant has satisfied the *Nixon* test and established good cause for the subpoena as to the materials sought. Defendant has further demonstrated that he is acting in good faith and not attempting to conduct a general fishing expedition and that he needs the material sought to assist in his defense against the Government's allegations in this case. Accordingly, the Court will allow Defendant, through defense counsel, to request production of the following materials through a Rule 17(c) subpoena *duces tecum*:

a. All Amtrak surveillance video and audio recordings from November 18, 2019 capturing the Albuquerque Amtrak train terminal located at 320 1st St. SW for the time period immediately before, during, and immediately after the scheduled midday stop of the eastbound Southwest Chief train (Southwest Chief train from Los Angeles to Chicago with a stop in Albuquerque).[1] This includes all video capturing the eastbound Southwest Chief train arriving to, stationed in, and departing from the Albuquerque station, surveillance of the passenger boarding area, and the Amtrak lobby and passenger waiting areas for the period of time the eastbound Southwest Chief train was stationed in Albuquerque for its scheduled layover on November 18, 2019. Amtrak must also provide on-board video of the passenger cars on that Southwest Chief train for the period the train was at the Albuquerque station on November 18, 2019.

b. The passenger lists or manifests for the aforementioned eastbound Amtrak train for November 17-18, 2019, and in particular, the manifest that would list the passengers on board the train at the time it arrived in Albuquerque and those passengers on board the train when it later departed Albuquerque following the scheduled layover on November 18, 2019.

c. Any communications between Amtrak employees and Special Agent Perry regarding his law enforcement activities in connection with the aforementioned eastbound Amtrak train on November 18, 2019, specifically any communication by which Special Agent Perry may have gained access to information relating to passengers on the Amtrak train on which Mr. Gomez was traveling. This should also include any communication from Amtrak employees to Special Agent Perry specifying the scope of Special Agent Perry's authority to inspect passenger bags and luggage of Amtrak customers on November 18, 2019.

---

[1] The eastbound Southwest Chief was scheduled to arrive at the Albuquerque station at 11:20 a.m. for a layover, but the train may not have been operating on schedule on November 18, 2019 and may have arrived later than 11:20 a.m.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *Ex Parte* Motion (Doc. 13) is **GRANTED** as follows:

1.      The Clerk's Office shall issue a Subpoena for the materials designated herein, and once the Subpoena has been issued, the Clerk's office shall contact defense counsel.

2.      Defense counsel shall be responsible for serving the Subpoena upon the third-party.

3.      The requested materials shall be produced at the following address[2] no later than thirty days from the date of receipt of the Subpoena by the third-party:

> Chambers of Magistrate Judge Kirtan Khalsa
> Pete V. Domenici United States Courthouse
> 333 Lomas Boulevard, N.W., Suite 630
> Albuquerque, New Mexico 87102

4.      The third-party shall have thirty days from the date it receives the Subpoena to file a motion to quash the Subpoena in accordance with Fed. R. Crim. P. 17(c)(2).  If the third-party files a motion to quash within the time period allowed as to some, but not all, of the requested materials, those materials not subject to an objection shall be delivered to the Court no later than thirty days from the date of receipt of the Subpoena by the third-party.

5.      Upon receipt of the responsive materials, the Court will notify both parties that the materials are available for inspection and copying.

6.      Defendant's Motion shall remain under seal. However, neither the Subpoena nor this order shall be kept under seal.

Any requests made in Defendant's Motion and not expressly granted herein are DENIED.

---

[2] Defense counsel and counsel for the United States may stipulate to a different location for the materials responsive to the Subpoena to be produced.

**IT IS SO ORDERED.**

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**